1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      EASTERN DISTRICT OF WASHINGTON

7   DOROTHEA JOAN JOLING,            )
                                     )   NO. CV-06-137-LRS
8                     Plaintiff,     )
                                     )   ORDER GRANTING THE UNITED
9        -vs-                        )   STATES' MOTION TO DISMISS
                                     )
10  UNITED STATES OF AMERICA, aka,   )
    UNITED STATES INTERNAL REVENUE   )
11  SERVICE, STERLING SAVINGS BANK,  )
    a subsidiary of STERLING         )
12  FINANCIAL CORPORATION, and       )
    VICKIE SCHNEIDER,                )
13                                   )
                      Defendants.    )
14                                   )

15       **BEFORE THE COURT** is Defendant United States'[1] Motion to Dismiss for

16  Lack of Subject Matter Jurisdiction and Failure to Properly Serve the

17  United States. (**Ct. Rec. 6**).

18                      **I. BRIEF SUMMARY OF FACTS**

19       Plaintiff Dorothea Joan Joling seeks to quash an Internal Revenue

20  Service administrative summons issued by Revenue Agent Vickie Schneider

21  to Sterling Savings Bank. (Ct. Rec. 2.)  As the Defendant United States

22

23       [1] The United States is the only proper Defendant before this Court.

24  A suit challenging or seeking enforcement of an IRS summons is an action

25  by or against the United States. *Rodio v. Commissioner*, 138 F.R.D. 341

26  (D. R.I. 1991). Therefore, all other named Defendants are dismissed from

    this action.

    ORDER - 1

1 of America explains the summons directs Sterling Savings to testify as

2 well as produce certain bank records. These records concerned the

3 Petitioner's federal tax liabilities for 2002 through 2004.

4     The summons was served on Sterling Savings Bank on April 12, 2006

5 and notice was sent to Ms. Joling by certified mail on that date. The

6 Petition and the Cover Sheet in this case bear a Clerk's Office stamp

7 showing that both were received on May 3, 2006. *See* Ct. Rec. 1.

8 **II. DISCUSSION**

9     As Defendant correctly argues, Petitioner bears the burden of

10 proving that subject matter jurisdiction exists in this proceeding.

11 *Association of American Med. Colls v. United States*, 217 F.3d 770, 778

12 (9th Cir. 2000). In a suit against the United States, there must be a

13 waiver of sovereign immunity in order for subject matter jurisdiction to

14 exist. *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991). Under

15 the principles of sovereign immunity, the United States is immune from

16 lawsuits except where it has acted to waive this immunity. *See United*

17 *States v. Dalm*, 494 U.S. 596, 608 (1999). Such a waiver by the United

18 States must be unequivocal and "the terms of its consent to be sued in

19 any court determine that court's jurisdiction to entertain the suit." *Id*.

20 (*quoting United States v. Testan*, 424 U.S. 392, 399 (1976) ( *quoting*

21 *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Further, "[i]t is

22 the burden of the party who institutes a claim against the United States

23 . . . to allege an act of Congress that authorizes the Court to entertain

24 that specific claim." *Ridenbaugh v. Long*, 246 F.Supp.2d 849, 852 n. 1

25 (S.D.Ohio 2002) ( *citing Malone c. Bowdoin*, 349 U.S. 643, 645, 648

26 (1962)).

ORDER - 2

1      Plaintiff argues that she timely filed her Petition, and that this

2 Court has jurisdiction.  Plaintiff's Response (Ct. Rec. 16) at 1.

3 "Notwithstanding any other law or rule of law, any person who is entitled

4 to notice of a summons under subsection(a) shall have the right to begin

5 a proceeding to quash such summons not later than the 20th day after the

6 day such notice is given in the manner provided in subsection (a)(2).

7 In any such proceeding, the Secretary shall seek to compel compliance

8 with the summons."   26 U.S.C. 7609(b)2(A).

9      While Defendant mailed the summons on April 12, 2006, Plaintiff

10 notes that she received actual notice of the Defendant's third party

11 summons on April 13, 2006.  Plaintiff argues, therefore, that the 20 day

12 period in which to move to quash began on the following day, April 14,

13 2006.  Plaintiff's Response at 2.  As the United States correctly points

14 out, Plaintiff does not cite to any case law supporting her position.

15 Plaintiff cites to *Russell v. City of Milwaukee,* 338 F.3d 662, 665-667

16 (7th Cir. 2003), to support her claim that service is complete on the day

17 of mailing.   Plaintiff's Response (Ct. Rec. 16)at 3.   However, the

18 *Russell* case involves service under Rule 5 of the Federal Rules of Civil

19 Procedure, not commencement of a civil action or service of a summons and

20 complaint under Rule 4.  Significantly, Plaintiff cites to no other case

21 law supporting her position.

22      The government responds to Plaintiff's claims by reiterating that

23 when the notice of a summons required by 26 U.S.C. § 7609 is sent by

24 certified mail, the 20-day period for filing a petition to quash the

25 summons begins on the date that such notice is mailed to the tax payer.

26 *Clay v. United States*, 199 F.3d 876, 878 (6th Circuit 1999).  The 20-day

ORDER - 3

1  limit must be strictly construed because it is a condition precedent to

2  the waiver of sovereign immunity.  *Ponsford v. United States*, 771 F.2d

3  1305, 1309 (9th Cir. 1985).  Of course, the 20-day time limit may at times

4  be subject to equitable tolling.  However, the Court does not find that

5  equitable tolling applies in this case.[2]  The Petition was received on

6  May 3, 2006, one day outside of the 20-day limit.

7     Additionally, the Court also notes that Plaintiff mailed unsigned

8  summonses to the United States in this matter.  Plaintiff's Response (Ct.

9  Rec. 16) at page 5.  Fed. R. Civ. P. 4(a) requires that the United States

10 be served with a summons that is signed by the Clerk of the Court.

11 Therefore, service in this case was not proper or timely.  Because the

12 petition to quash was not timely filed in the manner required by law,

13 this Court finds that the United States has not waived sovereign

14 immunity.

## CONCLUSION

15

16    **IT IS ORDERED** that Defendant United States' Motion to Dismiss for

17 Lack of Subject Matter Jurisdiction (**Ct. Rec. 6**), is **GRANTED**.

18 ///

19 ///

20 ///

21 ///

22 ///

23

---

24    [2]Sterling Savings Bank advised Plaintiff by letter dated April 17,

25 2006, that the bank would comply with the summons unless a court

26 proceeding was brought by May 8, 2006.  The bank cannot, by its actions,

waive or extend the statutory filing period mandated by law.

ORDER - 4

1    The District Court Executive is directed to file this Order;

2  provide copies to Plaintiff and counsel of record, ENTER JUDGMENT

3  CONSISTENT WITH THIS ORDER and CLOSE the file.

4    **DATED** this 12th day of January, 2007.

5

6                                    *s/Lonny R. Suko*
                        _____
7                               LONNY R. SUKO
                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5